UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MATTHEW ROSARIO,

Plaintiff,

-against-

THE CITY OF NEW YORK and P.O. DAVID
WHEELER, Shield No. 16703, Individually and in his
Official Capacity,

Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff MATTHEW ROSARIO, by his attorneys, COHEN & FITCH LLP, complaining

of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff MATTHEW ROSARIO is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      At all times hereinafter mentioned, the individually named defendant P.O. DAVID WHEELER was a duly sworn police officers of said department and was acting under the supervision of said department and according to his official duties.

10.      At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.    On or about February 9, 2012, at approximately 12:45 a.m., plaintiff MATTHEW ROSARIO was lawfully present in the vicinity of 104 Street between 1st Avenue and 2nd Avenue, New York, New York.

14.    At the aforesaid time and place, plaintiff MATTHEW ROSARIO, was with two of his friends in the staircase of one of his friend's apartment building when he was accosted by defendant officers and searched.

15.    Despite the fact that there was no evidence of criminal activity, defendants immediately placed plaintiff under arrest, handcuffing his arms tightly behind his back, and charged him with Possession of Marijuana.

16.    At no time on February 9, 2012, did plaintiff MATTHEW ROSARIO possess marijuana or engage in any unlawful activity whatsoever.

17.    At no time on or about February 9, 2012, did defendants possess probable cause to arrest plaintiff.

18.    At no time on February 9, 2012, did defendant officers possess information that would lead a reasonable officer to believe plaintiff MATTHEW ROSARIO had engaged in any criminal or unlawful activity whatsoever.

19. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

20. Specifically, defendants falsely alleged that plaintiff was observed to be in possession of marijuana in plain view.

21. As a result of his unlawful arrest, plaintiff MATTHEW ROSARIO spent approximately twenty (20) hours in police custody before the New York District Attorney's Office declined to prosecute charges against him because plaintiff was not observed with marijuana open to public view and no marijuana was recovered from said plaintiff after arrest. **(Copy of the February 9, 2012 Declined to Prosecute Paperwork and Arrest Paperwork are annexed hereto as Exhibit "A").**

22. As a result of the foregoing, plaintiff MATTHEW ROSARIO sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff MATTHEW ROSARIO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.  maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

    ii.  arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

    iii.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

35.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

36.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

37.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

38.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

39.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

40.     The acts complained of deprived plaintiff of his rights:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from unlawful search;

      D.     Not to have summary punishment imposed upon him; and

      E.     To receive equal protection under the law.

41.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
      November 28, 2012

BY:_____
GERALD COHEN
COHEN & FITCH LLP
Attorneys for Plaintiff

233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com

# DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK

IN THE MATTER OF

Matthew Rosario (M 22)



1311163

Defendant

| | |
|---|---|
| **Charge:** | PL 2211001 |
| **NYSID Number:** | 03975087R |
| **Arrest Number:** | M12612385 |
| **Arresting Officer:** | David Wheeler |
| **Tax ID:** | 947606 |
| **Command:** | 023 Precinct |
| **Occurrence Date:** | 02/09/12 |
| **Occurrence Time:** | 12:45 AM |
| **Location:** | at , |

## DECLINATION OF PROSECUTION FOR THE REASON(S) SET FORTH BELOW, PROSECUTION OF THIS CASE WAS DECLINED

People decline to prosecute this case because Defendant Matthew Rosario was not observed with marijuana open to public view and no marijuana was recovered from said defendant after arrest.

DATED: Thursday, February 09, 2012.

BY: _____
Anderson, Natalae

BY: _____
SUPERVISING ADA (SIGN)

_____
SUPERVISING ADA (PRINT)

ACT 5 Version 4.3.5 Created on 02/09/12 12:59 PM

  

# New York City Police Department
## Omniform System - Arrests

| RECORD STATUS: ARR PRC CMPL | Arrest ID: M12612385 - Z |
|---|---|
| Arrest Location: INSIDE OF 330 EAST 104 STREET | Pct: 023 |

Arrest Date: 02-09-2012   Processing Type: ON LINE

Time: 01:04:00   DCJS Fax Number: MO007951

Sector: A   Special Event Code: -

DAT Number: 0

Stop And Frisk: NO   Return Date: 0000-00-00

Serial #: 0000-000-00000



| COMPLAINTS: | | | | Arrest #: M12612385 |
|---|---|---|---|---|

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2012-023-00739 | 2012-02-09 | Reserved #, No Arrest | 2012-02-09 | 00:45 |

| CHARGES: | Arrest #: M12612385 |
|---|---|

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 221.10 01 M | B | | 1 | CRIM POSS MARIHUANA-5TH:PUBLIC |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C.: | Reason Not Forfeit: |
|---|---|---|---|---|---|

| DETAILS: | Arrest #: M12612385 |
|---|---|

AT T/P/O DEFT. WAS OBSERVED IN POSSESSION OF MARIJUANA IN PLAIN VIEW.

| DEFENDANT: ROSARIO, MATTHEW | NYSID #: | Arrest #: M12612385 |
|---|---|---|

Nick/AKA/Maiden:

Sex: MALE   Height: 5FT 0IN   Order Of Protection: NO

Race: WHITE HISPANIC   Weight: 170   Issuing Court:

Age: 22   Eye Color: BROWN   Docket #:

Date Of Birth: 01/18/1990   Hair Color: BLACK   Expiration Date:

U.S. Citizen: YES   Hair Length: SHORT   Relation to Victim: UNKNOWN/NONE

Place Of Birth:   Hair Style: CLOSE CUT   Living together: NO

Need Interpreter: NO   Skin Tone: LIGHT   Can be Identified: NO

Language:   Complexion: CLEAR

Accent: NO   Soc.Security #:

Occupation: OTHER   Gang Affiliation: NO

Physical Condition: APPARENTLY NORMAL   Lic/Permit Type:   Name:

Drug Used: NONE   Lic/Permit No:   Identifiers:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 420 EAST 102 STREET | MANHATTAN | NEW YORK | | 11C | 023 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO   N.Y.C. Housing Employee:   On Duty:

Development:   N.Y.C. Transit Employee:

Physical Force: NONE

Gun:

Weapon Used/Possessed: NONE   Make:   Recovered:

Non-Firearm Weapon:   Color:   Serial Number Defaced:

Other Weapon Description:   Caliber:   Serial Number:

Type:

Discharged: NO

Used Transit System: NO

Station Entered:

Time Entered:

Metro Card Type:

Metro Card Used/Poses:

Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | HEADGEAR - BASEBALL HAT - BLUE |
| CLOTHING | FOOTWEAR - SNEAKERS - BLUE |
| CLOTHING | OUTERWEAR - OVERCOAT OR TOP COAT - BLUE |
| CLOTHING | ACCESSORIES - UNK - UNKNOWN COLOR |

| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | UNKNOWN |
| BODY MARKS | UNKNOWN |
| IMPERSONATION | UNKNOWN |

**JUVENILE DATA:** — Arrest #: M12612385

Juvenile Offender:   Relative Notified:   Personal Recog:
Number Of Priors: 0   Name:
School Attending:   Phone Called:
Mother's Maiden Name:   Time Notified:

**ASSOCIATED ARRESTS:** — Arrest #: M12612385

ARREST ID   COMPLAINT #
M12612379   2012-023-00739
M12612387   2012-023-00739

**DEFENDANTS CALLS:** — Arrest #: M12612385

CALL # NUMBER DIALED   NAME CALLED
1   ..   REFUSED

**INVOICES:** — Arrest #: M12612385

INVOICE# COMMAND PROPERTY TYPE VALUE

**ARRESTING OFFICER: POM DAVID WHEELER** — Arrest #: M12612385

Tax Number: 947606   On Duty: YES
Other ID (non-NYPD): 947606   In Uniform: YES
Shield: 10703   Squad: 3
Department: NYPD   Chart: 97
Command: 023   Primary Assignment

Force Used: NO
Type:
Reason:
Officer Injured: NO

| Arresting Officer Name: POM WHEELER, DAVID | Tax #: 947606 | Command: 023 | Agency: NYPD |
| Supervisor Approving: SGT MARTINEZ STEPH | Tax #: 928718 | Command: 023 | Agency: NYPD |
| Report Entered by: POM ACHILLE, CARL | Tax #: 945455 | Command: 023 | Agency: NYPD |

 **END OF ARREST REPORT M12612385** 

Print this Report

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW ROSARIO,

Plaintiff,

-against-

THE CITY OF NEW YORK and P.O. DAVID WHEELER,
Shield No. 16703, Individually and in his Official Capacity,

Defendants.

---

## SUMMONS AND COMPLAINT

---

### COHEN & FITCH LLP
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

---

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for Defendants

---

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

---

PLEASE TAKE NOTICE

Q          NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

Q          NOTICE OF SETTLEMENT

that an order                                                  of which the within is a true copy
will be presented for settlement to the HON.                  one of the judges of the
within named Court, at
on                              20              at

Dated,                                                        Yours, etc.